VENDRELL, PLAINTIFF AND APPELLANT, *v.* PELLOT, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Aguadilla in an Action of Debt.

No. 1117.—Decided July 11, 1914.

VERIFICATION—VERIFICATION WHEN AFFIANT CANNOT SIGN.—When a defendant who verifies the answer to the complaint does not know how to sign, he should place his mark at the foot of the affidavit and another person should write the affiant's name near his mark and sign his own name as witness. Hence, an affidavit in which the notary attests that the defendant made the oath and affixed his mark before him is defective, unless a witness signed in the manner above indicated.

ID.—VERIFICATION OF ANSWER BASED ON A DOCUMENT.—The provisions of section 118 of the Code of Civil Procedure should be complied with in such a case, *i. e.,* the affiant should swear that the facts on which the denial is based are true of his own knowledge, except as to those which he knows from information and belief, in which case he should state that he believes them to be true.

ID.—AMENDMENT OF VERIFICATION—APPEAL.—When a pleading is not verified or the verification is null and void, the defect may be corrected by an amendment. In such a case the appellate court may reverse the judgment appealed from and remand the case to the court of its origin with instructions that the defendant be granted leave to amend his verified answer and the action be proceeded with according to law.

The facts are stated in the opinion.
*Mr. José de Diego* for the appellant.

*Mr. Enrique González Mena* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Aguadilla dismissing a certain complaint in an action of debt.

Summarized, the complaint alleges (1) that plaintiff and defendant are of age, landowners and residents of Isabela; (2) that the defendant, with the plaintiff as surety, made three promissory notes payable to Eduardo Quevedo of Isabela, which were exhibited with the complaint and are as follows: One of June 18, 1910, for $236, due December 18, 1910; one of October 1, 1910, for $236, due March 30, 1911, and another of March 24, 1911, for $100, due September 24, 1911; (3) that at the maturity of the said notes debtor Pellot failed to pay them nor did he pay them at the expiration of the extensions granted by creditor Quevedo, so that the plaintiff, as solidary surety and principal debtor, had to pay to the said Quevedo the amount of the debt of $572; (4) that on several occasions the plaintiff demanded of defendant Pellot the payment of the said amount, but has not received the same. The complaint concludes with the prayer that judgment be rendered against the defendant for the amount claimed, with interest, costs and attorney's fees.

We transcribe below the first of the promissory notes exhibited with the complaint. The other two are drawn up in similar form. The second is signed by Eugenio Vendrell at the request of Pellot and the third by the same person who signed the first, Pedro Van Derdys.

"A. Received of surety Tiburcio Vendrell. (Signed) E. Quevedo. I owe and promise to pay to the order of Eduardo Quevedo of this vicinage, on March 30 of the coming year, the sum of $236, American gold, received as a loan from the said Quevedo to my entire satisfaction. For the payment thereof I pledge my present and future properties and I waive such laws and rights as may favor me. Isabela, October 10, 1910. Higinio Pellot per (signed) Pedro Van Derdys.

"I guarantee the payment of this note as surety and principal debtor, waiving the rights of excussion, endorsement and joint liability, and I agree to any extension which may be granted. At the request of Tiburcio Vendrell, who does not know how to sign. (Signed) Eugenio Vendrell. Filed in the office of the secretary this 18th day of June, 1913. (Signed) Telesforo Cabán, secretary."

Summarized, the defendant's answer to the complaint is as follows: (1) He admits its first allegation; (2) he denies the second allegation and alleges that at no time did he ask the plaintiff to be his surety, and that he did not make any promissory note payable to Eduardo Quevedo of Isabela on the dates and for the amounts stated in the second allegation; (3) he denies the third allegation and alleges that he was never asked to pay any promissory note or granted any extension; (4) he denies the fourth allegation and alleges that the plaintiff never demanded of him the payment of any sum of money. The answer concludes with the prayer that the court dismiss the complaint with costs against the plaintiff.

At the trial evidence was introduced by both parties and on January 5, 1914, the court rendered judgment against the plaintiff.

In his brief filed in this court in support of the appeal taken by him, the plaintiff maintains that the trial court erred (1) in not striking out the affidavit to the answer to the complaint; (2) in not rendering judgment in favor of the plaintiff on the merits of the complaint, and (3) in rendering judgment dismissing the complaint against the weight of the evidence.

Let us examine the first error.

The verification of the answer is as follows:

"I swear that I am the defendant in this case and that all the allegations contained in the foregoing answer are true, as to some, of my own knowledge, and, as to others, upon information and belief. (Signed) Higinio Pellot.

"Sworn to and marked before me by Higinio Pellot, of age, single, farmer, resident of Isabela, whom I know personally, this 25th

day of October, 1913. Attest: (Signed) Angel M. Torregrosa, notary public. (There is a 25-cent internal revenue stamp affixed and canceled and a stamped impression reading 'Angel M. Torregrosa, Attorney and Notary, Aguadilla, Pto. Rico.') No. 14 of —— affidavit."

The appellant alleges that the affidavit transcribed is void because of defects in form and substantial defects.

One of the defects of form pointed out by the appellant is that Higinio Pellot, being an ignorant person who did not know how to sign, should have complied with the provisions of the Notarial Act of 1906, section 14 of which provides that when any of the parties to an instrument "are unable to sign, the notary shall state the fact, and one of the witnesses shall sign for the party, and such witness shall precede his signature with the note in his own handwriting that he signs for himself and for the party, in the name of said party or parties."

The document in this case is a verified pleading.

Either the pleading or the affidavit of verification, says Cyc., should be subscribed by the person verifying, but both need not be subscribed in order to make the affidavit sufficient. 31 Cyc., 545, and cases cited.

The jurat, continues Cyc., should conform to the local statutory requirements and to the general rules governing affidavits. 31 Cyc., 545, and cases cited.

In the present case the answer is subscribed by the defendant's attorney and the verification appears in the form transcribed herein. If Higinio Pellot had been able to sign his own name, it would be sufficient for him to have signed either the answer or the verification pursuant to the jurisprudence cited. But Higinio Pellot did not know how to sign and, according to the attestation of the notary, he affixed his mark.

The act to establish a registry of affidavits or declarations executed before notaries and other officers, approved March 12, 1908 (Acts of 1908, p. 39), is silent as to what should be done when a person taking an oath does not know how to sign. We have already seen what the Notarial Act prescribes

in such cases, and taking into account, besides, that section 392 of the Political Code, in defining the meaning and scope of the words "signature" and "subscription," among others, establishes that they include mark when a person is unable to write his name,—his name being written near it and witnessed by a person who signs his own name (see the English text of the section cited), we must reach the conclusion that the practice which should be followed ,and is followed generally is that the person taking the oath in cases of this kind should affix his mark and another person should write the affiant's name near the mark and sign his own name as witness.

Therefore, the defect of form to which the appellant refers exists, and, furthermore, we are of the opinion that the substantial defect indicated by him also exists, namely, that the defendant failed to state what facts are known to him of his own knowledge and what upon information and belief.

It is true, as contended by the respondent, that this case does not come under section 118, but under section 119, of the Code of Civil Procedure; but it is also true that the rule contained in section 118 should be applied to section 119, therefore when the genuineness of a document transcribed in the complaint or of a copy of a document annexed thereto is denied, instead of employing the vague and uncertain words "as to some facts, of my own knowledge and, as to others, upon information and belief," employed in the present case, it should be averred, in accordance with the form prescribed in section 118, that the facts relative to the denial are known to the affiant of his own knowledge, except those which he states he knows upon information and belief, in which case he should add that he believes them to be true.

Having reached the foregoing conclusions, the judgment appealed from should be reversed and there is no need to consider the other errors assigned by the appellant. The defects alleged before this court were duly alleged in the

district court also and are presumed to have been recognized by the trial court.

Now, as this is a case in which, after weighing the evidence, the trial court held that the plaintiff had failed to prove the debt sued for, and as defects are pleaded which, although they may be considered substantial, are susceptible of amendment, we are of opinion that the judgment appealed from should be reversed and the case remanded to the court of its origin with instructions that the defendant be granted leave to amend his verified answer and that the case proceed in accordance with law.

Our decision, we think, is sustained by the attendant circumstances and by jurisprudence, which, summarized by Cyc., is as follows:

"An affidavit of verification may usually be amended *nunc pro tunc,* in respect to the jurat, or venue, or in respect to any other matter either of form, or substance, within the discretion of the court, where the allowance of the amendment tends to a fair .trial of the case on the merits and the adverse party is given a reasonable time to meet the amended pleading. Where no verification has been attached to a pleading, or one which is a nullity, the deficiency may be supplied by amendment." 31 Cyc., 545, 546.

The judgment appealed from should be reversed in the manner stated.

> *Judgment reversed and case remanded to the lower court in order that leave be granted to amend the verification to the answer and that the proceedings be continued in accordance with law.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.